UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL WAKIL AMIRI,<br><br>Plaintiff,<br><br>v.<br><br>SHERATON OPERATING<br>CORPORATION, d/b/a WESTIN<br>EMBASSY ROW HOTEL,<br><br>Defendant. | Civil Action No. 02-2492 (RJL)<br><br>**FILED**<br><br>AUG 2 2 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Plaintiff has filed an amended complaint alleging that he was denied employment by defendant based on his race, color, ancestry, and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Defendant has filed a motion for summary judgment. Because the Court finds that the undisputed material facts establish that defendant had a legitimate, non-discriminatory reason for not hiring plaintiff, summary judgment will be granted.

*Factual Background*

Defendant is a hotel located at 2100 Massachusetts Avenue, N.W. in Washington, D.C. Amended Complaint ("Amend. Compl."), ¶ 2. In March, 2002, defendant posted a notice that it was seeking applicants for part-time housekeeping positions. Defendant's Motion for Summary Judgment ("Deft's Mtn."), Attachment B, Declaration of Deanne Johnson-Anderson ("Johnson-Anderson Decl."), ¶ 6. The job announcement stated that "[u]nless otherwise specified, all

-1-

positions require flexibility, including availability for evening, weekend, and holiday shifts." *Id.*, Exhibit ("Ex.") 1. The notice for part-time housekeepers specifically stated that previous experience was preferred and that the applicant had to be able to work weekends and flexible shifts. *Id.*

On March 7, 2002, plaintiff submitted to defendant an application for a room attendant position. *Id.*, Ex. 2. Plaintiff is a native of Afghanistan, has dark skin, and a strong accent. Amend. Compl., ¶ 8. On his employment application, plaintiff stated that he was only available to work from 7:00 or 8:00 a.m until 4:00 or 5:00 p.m. and that he was not available to work on Mondays and sometimes Tuesdays. Johnson-Anderson Decl., Ex. 2. According to defendant, based on plaintiff's limited availability, the hotel sent him a "regrets" card on March 20, 2002. *Id.*, ¶ 15. Plaintiff alleges that defendant never offered him a reason for denying him the position. Amend. Compl., ¶ 9. Plaintiff also alleges the room attendant position was filled by an equally or lesser qualified person not a member of plaintiff's protected classes or that the position remains vacant. *Id.*, ¶ 10.

*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638

(D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Id.; see also Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

*Discussion*

In order to prevail in a Title VII case or a discrimination claim under 42 U.S.C. § 1981, a plaintiff initially must establish a *prima facie* case of prohibited discrimination. *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004). If the plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged action. *McDonnell Douglas*, 411 U.S. at 804. Once the defendant proffers a sufficient non-discriminatory reason, the burden shifts to the plaintiff to produce some evidence, either direct or circumstantial, to show that defendant's proffered reason is a pretext for discrimination. *Id.*; *Morgan v. Federal Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C. Cir.), *cert. denied*, 540 U.S. 881 (2003). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147-49 (2000).

To establish a *prima facie* case of discrimination, the plaintiff must establish that (1) he is a member of a protected class; (2) he applied for and was qualified for the position; and (3) someone outside his protected class was hired for the position. *McDonnell Douglas*, 411 U.S. at 802; *see Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002); *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). The burden of establishing a *prima facie* case of employment discrimination is "not onerous." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Defendant does not argue that plaintiff cannot establish a *prima facie* case. For the purpose of deciding this motion, then, the Court will assume plaintiff can meet his burden of established a *prim facie* case of discrimination.

To demonstrate a legitimate reason for its employment decision, the defendant need only "proffer," not prove, a legitimate non-discriminatory reason for not offering the position to the plaintiff. *McDonnell Douglas*, 411 U.S. at 802. The reason offered by defendant here is that a requirement for the room attendant position was that the applicant be able to work flexible shifts,

including evenings, weekends, and holidays. Defendant imposed this requirement based on its collective bargaining agreement with the union representing full-time housekeepers at the hotel. *See* Johnson-Anderson Decl., ¶ 9 & Ex. 3. Under that agreement, full-time housekeepers had priority in choosing work schedules based on seniority. *Id.* Part-time housekeepers were needed to fill in for full-time employees when they were absent from work. *Id.*, ¶ 10.

Plaintiff's application clearly stated that his work availability was not as flexible as required for the advertised position. Plaintiff, therefore, was plainly unqualified for the position. The job requirement was a rational, if not necessary, decision by the hotel. Based on these facts, the Court concludes that defendant had a legitimate non-discriminatory reason for its hiring decision.

Since defendant has proffered a legitimate reason for not hiring plaintiff, he must establish by a preponderance of the evidence that the proffered explanation is a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804. In assessing whether an employer's stated reasons for the hiring decision are a pretext, the Court should consider whether a jury could infer discrimination from the combination of (1) plaintiff's *prima facie* case; (2) any evidence plaintiff presents to challenge the employer's proffered explanation; (3) independent evidence of discriminatory statements or conduct by the employer; and (4) any contrary evidence by the employer of a positive record of equal opportunity employment. *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1289 (D.C.Cir. 1998). The issue is not one of the correctness or the desirability of the reasons offered, but whether the employer honestly believes in the reason offered. *Fischbach v. D.C. Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996). Plaintiff must show that the reason offered is a phony one. *Id.*

Plaintiff has not offered any evidence to rebut defendant's articulated non-discriminatory reason for not hiring him for the room attendant position. Therefore, plaintiff has failed to show that the reason offered by defendant for its hiring decision is pretextual.

*Conclusion*

The evidence presented by the parties shows that there are no genuine issues of material fact. Plaintiff has failed to rebut defendant's articulated non-discriminatory reason for the hiring decision. As such, plaintiff cannot establish a discrimination claim under either Title VII or 42 U.S.C. § 1981. Defendant's motion for summary judgment will be granted and the case dismissed. A separate Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE: 8/19/05